United States District Court
Southern District of Texas
**ENTERED**
April 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRANDON DARNELL WILLIAMS AND JULIAN HARVEY, *Plaintiffs*, v. CHRISTOPHER LUGRAND DAWKINS, ET AL., *Defendants*. | CIVIL ACTION NO. 4:19-CV-5049 |

## MEMORANDUM AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Second Motion to Remand.[1] Dkt. 9. Defendant did not file a timely response and the Court deems it unopposed. LOC. R. S.D. TEX. 7.3, 7.4. The Court recommends this case be remanded to state court.

Defendant C Lugrand-Dawkins Enterprises LLC removed this case to federal court from the 152nd Judicial District for Harris County, Texas on November 1, 2019 and it was assigned Civil Action No. 4:19-cv-4299. Dkt. 1. Plaintiffs filed an Expedited Motion to Remand on November 7, 2019. Dkt. 3. On December 2, 2019, Defendant C Lugrand-Dawkins Enterprises LLC filed a Suggestion of Bankruptcy. Dkt. 5. The District Court stayed and administratively closed the case as to Defendant C Lugrand-Dawkins Enterprises LLC *only*. Dkt. 6. The Court then severed the Plaintiffs' stayed case against

---

[1] On November 26, 2019, United States District Judge Vanessa D. Gilmore referred this case to Magistrate Judge Christina A. Bryan pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 4.

the Debtor, which was assigned Civil Action No. 4:19-cv-5049, and remanded Civil Action No. 4:19-cv-4299 to state court. Dkt. 8.

On January 30, 2020, United States Bankruptcy Judge Christopher Lopez dismissed Defendant's Chapter 11 case with prejudice for failure to comply with basic requirements of the bankruptcy code. *See* Dkt. 9 at 4-6. Therefore, the automatic stay is no longer in effect. 11 U.S.C.A. § 362(c)(2)(B). This case should be remanded to state court for the same reasons as Civil Action No. 4:19-cv-4299.

Federal jurisdiction is limited. The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction. of Removal does not allege diversity jurisdiction under 28 U.S.C. §1332, and it appears from the face of Plaintiffs' petition that diversity does not exist because all Defendants and Plaintiffs are citizens of Texas. Defendant's statements in the Notice of Removal regarding federal jurisdiction, the procedural requirements for removal, and venue are conclusory and contain no factual allegations in support of removal.

The existence of federal question jurisdiction is governed by the "well pleaded complaint rule," which provides that a federal question must be presented by the fact of the plaintiff's properly pleaded complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 308, 312 (2005); *Baron v. Strassner*, 7 F. Supp. 2d 871, 873 (S. D. Tex. 1998). Plaintiffs' Original Verified Complaint, filed on September 30, 2019, asserts causes of action for violations of the Texas Securities Act, TEX. REV. CIV. STAT. ANN. art. 581-7, 9, 12, 15, and 23(C),

as well as Texas common law claims of conversion, fraud, fraud by nondisclosure, conspiracy, breach of fiduciary duty, and violation of the Texas Deceptive Trade Practices Act, and seeks temporary and permanent injunctive relief and appointment of a receiver.

The existence of federal jurisdiction is judged as of the date of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."). No federal question is apparent from the face of the Original Verified Complaint, and the removing Defendant does not identify one in the Notice of Removal. Even if Plaintiffs' state court petition had asserted a federal claim under the Securities Act of 1933, Congress has explicitly provided that such claims cannot be removed to federal court. F.D.I.C. v. Morgan Stanley & Co. LLC, No. CIV.A. H-11- 4187, 2012 WL 401203, at *1 (S.D. Tex. Feb. 7, 2012) ("The 1933 Act provides that '[n]o case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States.' 15 U.S.C. § 77v.").

For these reasons, the Court RECOMMENDS that Plaintiffs' case against C Legrand-Dawkins Enterprises LLC be REMANDED to the 152nd Judicial District Court for Harris County, Texas, from which it was removed.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time

3

period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 15, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge